UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIRP PASADENA, PLLC; and NIRP
SUGAR LAND, PLLC,

                    Plaintiffs,

          v.

MEDSTREAMING, LLC, et al.,

                    Defendants.

C17-1607 TSZ

MINUTE ORDER

          The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

          (1)     Plaintiffs' motion for partial summary judgment, docket no. 30, is
DENIED.[1]  The Court concludes that defendants' responses to plaintiffs' requests for
admission were timely served.  Alternatively, the Court retroactively grants defendants an
extension of time to serve responses to plaintiffs' requests for admission, and the
responses sent via email, personal delivery, and first-class mail are deemed timely served.
*See* Fed. R. Civ. P. 36(a)(3).  Because plaintiffs' dispositive motion is premised entirely
on the proposition that defendants made admissions by failing to timely respond, *see id.*,
plaintiffs' motion lacks merit.

---

[1] In response to plaintiffs' motion, defendants sought summary judgment in their favor pursuant
to Federal Rule of Civil Procedure 56(f), relying in part on the declaration of Evert de Vries, the
Chief Technical Officer ("CTO") for defendant Medstreaming, LLC, docket no. 40.  Plaintiffs'
moved to strike the CTO's declaration.  *See* Reply at 5-8 (docket no. 42).  The Court DECLINES
to consider defendants' request for summary judgment under Rule 56(f) and STRIKES as moot
plaintiffs' motion to strike the CTO's declaration.  The Court also STRIKES as moot defendants'
motion to strike, Surreply (docket no. 47), portions of plaintiffs' reply in support of their motion
for partial summary judgment.

(2)     Plaintiffs and their counsel are DIRECTED to show cause within fourteen (14) days of the date of this Minute Order why the Court should not impose sanctions in the amount of $5,000 against each of them, jointly and severally, for the filing of a dispositive motion, docket no. 30, that was frivolous and not in compliance with Federal Rule of Civil Procedure 11(b).  *See* Fed. R. Civ. P. 11(c)(3).

        (3)     Defendants' motion to amend case schedule, docket no. 44, is GRANTED in part and DEFERRED in part.  Defendants shall not file a reply in support of their motion unless later directed to do so by the Court.  The trial date of October 1, 2018, the pretrial conference scheduled for September 21, 2018, and all remaining related deadlines are STRICKEN, and will be reset at a later date.  The Court defers ruling on whether discovery will be reopened.  A telephonic conference, which the Court will initiate, is SET for Thursday, August 30, 2018, at 11:00 a.m.  Counsel shall be prepared to address why depositions have not yet occurred in this matter and, if discovery is reopened, what discovery remains to be conducted and how much time will be required to complete discovery.

        (4)     Defendants' motion for partial summary judgment, docket no. 32, is DENIED.  Defendants have not established the requisite absence of genuine disputes of material fact and/or entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).

        (5)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

        Dated this 16th day of August, 2018.


                                                William M. McCool
                                                Clerk

                                                s/Karen Dews
                                                Deputy Clerk


MINUTE ORDER - 2