UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIRP PASADENA, PLLC; and NIRP SUGAR LAND, PLLC, <br><br> Plaintiffs, <br><br> v. <br><br> MEDSTREAMING, LLC, et al., <br><br> Defendants. | C17-1607 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The law firm of Corr Cronin, LLP and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC are each sanctioned $500 in connection with the frivolous motion for partial summary judgment, docket no. 30, that they filed on behalf of plaintiffs. Each firm shall pay such amount to the Washington State Bar Foundation, a 501(c)(3) charity, and shall file proof of such payment within seven (7) days of the date of this Minute Order. In response to the Minute Order entered August 16, 2018, docket no. 50, directing plaintiffs and their counsel to show cause why the Court should not impose sanctions, plaintiffs' attorneys argued that their motion for partial summary judgment was warranted by Ninth Circuit jurisprudence, citing three unpublished decisions, all of which predate the change in the rules governing the citation of such memoranda. *See* Plas.' Resp. at 5 (docket no. 51) (citing *Saroyan Lumber Co. v. El & El Wood Prods. Corp.*, 126 Fed. App'x 371 (9th Cir. 2005); *GTE Directories Corp. v. McCartney*, 11 Fed. App'x 735 (9th Cir. 2001); *Ocasio v. Las Vegas Metro. Police Dep't*, 10 Fed. App'x 471 (9th Cir. 2001)); *see also* Ninth Circuit Rule 36-3(c) ("[u]npublished dispositions . . . issued before January 1, 2007, may not be cited to the courts of this circuit," except in circumstances not applicable in this matter). In each of the cases on

MINUTE ORDER - 1

which plaintiffs' lawyers have relied, the propounded requests for admissions were never answered, and the matters set forth were therefore deemed admitted for purposes of deciding the respective motions for summary judgment.  In contrast, in this case, defendants did in fact answer the requests for admissions by emailing their responses on the day they were due, either at or before midnight.  Even if the manner of service was improper, plaintiffs' counsel should have anticipated that defendants would successfully obtain either an extension of the deadline or permission to withdraw any admissions arising from a tardy response.  *See* Fed. R. Civ. P. 36(a)(3) & (b).  Plaintiffs could not reasonably have asserted any prejudice from receiving the responses (on the due date) via email instead of another means of service.  *See* *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (indicating that withdrawal of an admission must satisfy two criteria: "presentation of the merits of the action must be subserved" and "the party who obtained the admission must not be prejudiced by the withdrawal").  Plaintiffs' attorneys' attempt to use as a weapon in this litigation whatever misunderstanding occurred regarding how discovery requests and/or responses would be exchanged runs contrary to the letter and the spirit of the Federal Rules of Civil Procedure and the local rules and practices of this district, with which the law firm of Corr Cronin, LLP is very familiar.  Because the Court is persuaded that the parties would likely have raised in some other way, if not on a motion for summary judgment, the issue of whether defendants' responses to plaintiffs' requests for admission were timely, the Court has opted to require plaintiffs' counsel to remit the $500-per-firm sanction to charity, rather than to defendants or their attorneys.  All parties and all counsel are hereby REMINDED that the Court expects them to act reasonably and cooperatively in the discovery process and to comport themselves in a professional and courteous manner.

  (2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

  Dated this 7th day of September, 2018.

            William M. McCool
            Clerk

            s/Karen Dews
            Deputy Clerk

MINUTE ORDER - 2