UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIRP PASADENA, PLLC, and
NIRP SUGAR LAND, PLLC,

                Plaintiffs,

    v.

MEDSTREAMING, LLC, et al.

                Defendants.

C17-1607 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     The parties' stipulated motion, docket no. 78, is GRANTED, and the deadline for filing dispositive motions is EXTENDED from April 11, 2019, to April 17, 2019. Pursuant to the parties' stipulation, any timely filed dispositive motion shall be noted for the third Friday after filing, *i.e.*, May 3, 2019. Responses shall be due on April 29, 2019, and replies shall be filed on the noting date. All other dates and deadlines set forth in the Minute Order entered February 7, 2019, shall remain in full force and effect.

(2)     Defendants' motion for sanctions, docket no. 69, is DENIED. Defendants brought their motion for sanctions under (a) Federal Rule of Civil Procedure 37(b)(2), (b) 28 U.S.C. § 1927, and (c) the Court's "inherent power."

      (a)     Defendants' request for sanctions pursuant to Rule 37(b)(2) lacks merit because defendants make no showing that **plaintiffs** failed "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). The order that defendants allege was violated required plaintiffs' **counsel** to certify that all reasonable investigation had been conducted and that all documents responsive to

MINUTE ORDER - 1

defendants' discovery requests had been produced. *See* Minutes (docket no. 52). Lori Hood of Baker Donelson Bearman Caldwell & Berkowitz, PC, who is no longer counsel of record for plaintiffs, *see* Notice of Withdrawal and Substitution (docket no. 66), submitted the requisite declaration, *see* Certification (docket no. 57). The order at issue did not compel **plaintiffs** to "provide or permit" discovery, and to the extent that **Ms. Hood's** representations to the Court were not accurate, the appropriate relief does not consist of sanctions against **her former clients** under Rule 37(b)(2).

(b)     Similarly, defendants' reliance on 28 U.S.C. § 1927 to seek sanctions against **plaintiffs** is misplaced. The statute authorizes an award of attorney's fees, costs, and expenses reasonably incurred as a result of a **lawyer's** conduct that "multiplies the proceedings in any case unreasonably and vexatiously," 28 U.S.C. § 1927, but it does not permit sanctions against the **parties** represented by a misbehaving attorney, *see Alexander v. FBI*, 541 F. Supp. 2d 274, 299 (D.D.C. 2008), or against counsel who has substituted for an allegedly offending lawyer. Defendants have not served their motion for sanctions on Ms. Hood or the Baker Donelson firm, or on prior local counsel, Lawrence Cock and Jack Lovejoy of Corr Cronin, LLP, *see* Decl. of Serv. (docket no. 69 at 15), and the Court will not entertain an *ex parte* motion for sanctions against former counsel of record under 28 U.S.C. § 1927.

(c)     With regard to sanctions under the Court's "inherent power," defendants have not established that **plaintiffs** or their **current attorneys** have engaged in "conduct that is 'tantamount to bad faith.'" *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (indicating that a court may assess attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'"). The Court is not persuaded that plaintiffs' failure to earlier disclose responsive documents concerning their business relationship with Braintree LLC resulted from "bad faith," as opposed to an innocent misunderstanding or perhaps some recklessness about their discovery obligations. Although recklessness standing alone suffices for purposes of awarding attorney's fees and costs under 28 U.S.C. § 1927, to justify sanctions under the Court's "inherent power," recklessness must have been combined with an additional factor, for example, frivolousness, harassment, or improper purpose. *See B.K.B.*, 276 F.3d at 1107-08. Shortly after current counsel, Liyue Huang-Sigle, became involved in this matter, plaintiffs followed her advice and provided the Braintree materials to defendants. The Court is satisfied that plaintiffs' concerns about producing confidential documents to one of Braintree's competitors were not frivolousness and that plaintiffs' delay in disclosure did not have a harassing or other improper purpose.

1          (3)     The Clerk is directed to send a copy of this Minute Order to all counsel of
record.

2          Dated this 10th day of April, 2019.

3

4                                                       William M. McCool
                                                        Clerk

5
                                                        s/Karen Dews
6                                                       Deputy Clerk

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23